```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAVID HENRY,                              :
                                          :
                     Plaintiff,           :         O9CV1245(DGT)
                                          :
         - against -                      :         AMENDED COMPLAINT AND
                                          :          DEMAND FOR JURY TRIAL
RODNEY PAIGE, VITO ARDITO, JOESELYN       :
SANABRIA, YLKA MORALES, OSCAR             :         ECF CASE
SANDINO, GILBERT RIVERA, and THE          :
CITY OF NEW YORK,                         :
                                          :
                     Defendants           :
------------------------------------------------------------x
```

Plaintiff, by his attorney, Eugene M. Bellin, complaining of the defendants, alleges:

### NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff David Henry by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws and the Constitution of the State of New York.

2. David Henry is a citizen of the United States who was entering a store located at 40-26 82nd Street, Queens, New York, when he was seized, frisked, searched and then strip searched by defendants Rodney Paige, Vito Ardito, Joeselyn Sanabria, Ylka Morales, Oscar Sandino and Gilbert Rivera without a warrant and without probable cause to stop, detain, frisk, arrest or search the plaintiff. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States,

28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Eastern District of New York and defendant The City of New York is a municipal corporation located in the Eastern District of New York which is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5. Plaintiff David Henry is an African-American citizen of the United States who practices the Muslim faith and who resides in the County of Bronx, City and State of New York.

6. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

7. At all times relevant herein, defendant The City of New York maintained a police department.

8. Defendant Rodney Paige is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

9. At all times relevant herein, defendant Rodney Paige was acting within the scope of his employment by defendant The City of New York.

10. Defendant Vito Ardito is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

11. At all times relevant herein, defendant Vito Ardito was acting within the scope of his employment by defendant The City of New York.

12. Defendant Joeselyn Sanabria is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

13. At all times relevant herein, defendant Joeselyn Sanabria was acting within the scope of his employment by defendant The City of New York.

14. Defendant Ylka Morales is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

15. At all times relevant herein, defendant Ylka Morales was acting within the scope of her employment by defendant The City of New York.

16. Defendant Oscar Sandino is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

17. At all times relevant herein, defendant Oscar Sandino was acting within the scope of his employment by defendant The City of New York.

18. Defendant Gilbert Rivera is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

19. At all times relevant herein, defendant Gilbert Rivera was acting within the scope of his employment by defendant The City of New York.

**NOTICE OF CLAIM**

20. On February 15, 2008, plaintiff David Henry served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

21. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

22. Plaintiff incorporates by reference paragraphs 1 through 21 of this complaint as though the same were set forth fully herein.

23. On December 29, 2007, at approximately 8:50 p.m., plaintiff David Henry lawfully entered a store located at 40-46 82nd Street, in the Borough of Queens, City and State of New York, known as Girotel.

24. Defendants Rodney Paige, Vito Ardito, Joeselyn Sanabria, Ylka Morales, Oscar Sandino and Gilbert Rivera entered the Geritol store immediately behind plaintiff David Henry.

25. Defendants Rodney Paige, Vito Ardito, Joeselyn Sanabria, Ylka Morales, Oscar Sandino and Gilbert Rivera lacked any basis to formulate a reasonable, articulable suspicion that plaintiff David Henry had engaged in or was about to engage in criminal conduct.

26. Without making any inquiry of plaintiff David Henry, defendants Rodney Paige, Vito Ardito, Joeselyn Sanabria, Ylka Morales, Oscar Sandino and Gilbert Rivera seized plaintiff David Henry, placed him against a wall, conducted a procedure known as a frisk, and searched the pockets of the plaintiff's clothing.

27. Defendants Rodney Paige, Vito Ardito, Joeselyn Sanabria, Ylka Morales, Oscar Sandino and Gilbert Rivera lacked a reasonable belief that plaintiff David Henry was armed or dangerous.

28. Defendants Rodney Paige, Vito Ardito, Joeselyn Sanabria, Ylka Morales, Oscar Sandino, and Gilbert Rivera lacked probable cause to conduct a search of plaintiff David Henry's

clothing or person.

29. During the course of the search of plaintiff David Henry's clothing, the defendants discovered a copy of the Koran on the plaintiff's person.

30. Upon failing to find any weapon or contraband in the plaintiff's clothing, defendants Rodney Paige, Oscar Sandino, Joeselyn Sanabria and Gilbert Rivera conducted plaintiff David Henry to a booth within the store and directed plaintiff David Henry to drop his pants and underwear to his ankles.

31. Defendant Oscar Sandino, assisted by defendants Rodney Paige, Joeselyn Sanabria and Gilbert Rivera, conducted a full body strip search of plaintiff David Henry.

32. One of the individual defendants instructed plaintiff David Henry to hold his genitals in his hands and to lift his genitals so that they could be examined.

33. One of the individual defendants thereupon instructed plaintiff David Henry to turn around, and then proceeded to examine the plaintiff's buttocks.

34. The individual defendants did not find any drugs or contraband on the person of plaintiff David Henry.

35. The individual defendants thereupon left the Girotel store.

36. The seizure, frisk, detention, arrest, imprisonment and search of plaintiff David Henry was made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment, or the search of his person and affects.

37. The seizure, frisk, detention, arrest, imprisonment and search of plaintiff David Henry were made without probable cause to believe that he had committed a crime or offense.

38. Plaintiff David Henry was aware of his seizure, arrest and detention by defendants Rodney Paige, Vito Ardito, Joeselyn Sanabria, Ylka Morales, Oscar Sandino and Gilbert Rivera.

39. Plaintiff David Henry did not consent to his seizure, detention, arrest or imprisonment.

40. As a result of the foregoing, plaintiff David Henry was deprived of his liberty, was detained and imprisoned, was subjected to an unreasonable search and seizure, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

41. The Police Department of defendant The City of New York has adopted a policy of having its police officers stop, frisk and search members of the public on the basis of race, to wit, people of African American heritage.

42. Plaintiff David Henry was stopped, detained, frisked and strip searched by defendants Rodney Paige, Vito Ardito, Joeselyn Sanabria, Ylka Morales, Oscar Sandino and Gilbert Rivera because he is African American.

43. Plaintiff David Henry was stopped, detained, frisked and strip searched by defendants Rodney Paige, Vito Ardito, Joeselyn Sanabria, Ylka Morales, Oscar Sandino and Gilbert Rivera because of his race and because of his Muslim religion as evinced by his headwear and the Koran found in his pocket during the course of the initial frisk.

44. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of suspicionless stops, frisks and searches of African-American individuals in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

45. The existence of the unconstitutional policy to stop, frisk and search citizens on the basis of their race adopted by officials of defendant The City of New York may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions

filed against The City of New York:

> David Floyd *et anos.* v. The City of New York *et anos.*, United States District Court, Southern District of New York, 08 Civ 01034;

> Kelvin Daniels *et anos.* v. The City of New York *et anos.*, United States District Court, Southern District of New York, 99 Civ 1695.

46. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff David Henry would be violated.

47. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the constitutional rights of African-American individuals, and more particularly, the constitutional rights of plaintiff David Henry.

48. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to stop and frisk individuals based on their race.

49. Defendants Rodney Paige, Vito Ardito, Joeselyn Sanabria, Ylka Morales, Oscar Sandino and Gilbert Rivera were acting under color of state law when they seized, detained, frisked, arrested, imprisoned and strip-searched plaintiff David Henry.

50. The seizure, detention, frisk, arrest, imprisonment and strip-search of plaintiff David Henry deprived him of his right to be free in his person from unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

51. The arrest of plaintiff David Henry deprived him of his liberty in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States.

52. The seizure, detention, frisk, arrest, imprisonment and strip-search of plaintiff David Henry deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by Article 1, Section 12 of the Constitution of the State of New York, and Section 8 of the Civil Rights Law of the State of New York.

## COUNT I

53. Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint as though the same were set forth fully herein.

54. Defendants Rodney Paige, Vito Ardito, Joeselyn Sanabria, Ylka Morales, Oscar Sandino and Gilbert Rivera deprived plaintiff David Henry of his rights to be free of unreasonable searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, frisking, arresting, imprisoning and strip-searching plaintiff David Henry.

55. As a result of the foregoing, plaintiff David Henry was subjected to an unlawful seizure and illegal strip-search, was deprived of his liberty, was deprived of his civil rights, and experienced emotional distress, embarrassment, and humiliation.

## COUNT II

56. Plaintiff incorporates by reference paragraphs 1 through 55 of this Complaint as though the same were set forth fully herein.

57. Defendant The City of New York deprived plaintiff David Henry of his rights to be free of unreasonable searches and seizures, and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by formulating and implementing

a policy, custom or practice for police officers to stop and frisk individuals based on their race.

58. Defendants Rodney Paige, Vito Ardito, Joeselyn Sanabria, Ylka Morales, Oscar Sandino and Gilbert Rivera seized, detained, frisked, arrested and strip-searched plaintiff David Henry pursuant to the policy, custom or practice of stopping and frisking individuals based on their race formulated and implemented by defendant The City of New York.

59. As a result of the foregoing, plaintiff David Henry was subjected to an unlawful seizure and illegal strip-search, was deprived of his liberty was deprived of his civil rights, and experienced emotional distress, embarrassment, and humiliation.

### COUNT III

60. Plaintiff incorporates by reference paragraphs 1 through 59 of this Complaint as though the same were set forth fully herein.

61. Defendants Rodney Paige, Vito Ardito, Joeselyn Sanabria, Ylka Morales, Oscar Sandino, Gilbert Rivera and The City of New York deprived plaintiff David Henry of his right to be free of unreasonable searches and seizures guaranteed by Article 1, Section 12 of the Constitution of the State of New York, and Section 8 of the Civil Rights Law of the State of New York.

62. As a result of the foregoing, plaintiff David Henry was subjected to an unlawful seizure and illegal strip-search, was deprived of his liberty was deprived of his civil rights, and experienced emotional distress, embarrassment, and humiliation.

### COUNT IV

63. Plaintiff incorporates by reference paragraphs 1 through 62 of this Complaint as though the same were set forth fully herein.

64. Defendants Rodney Paige, Vito Ardito, Joeselyn Sanabria, Ylka Morales, Oscar Sandino, Gilbert Rivera and The City of New York committed an assault and battery on the person

of plaintiff David Henry in the course of seizing, detaining, frisking. arresting and searching the plaintiff.

65. As a result of the foregoing, plaintiff David Henry experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT V

66. Plaintiff incorporates by reference paragraphs 1 through 65 of this Complaint as though the same were set forth fully herein.

67. Defendants Rodney Paige, Vito Ardito, Joeselyn Sanabria, Ylka Morales, Oscar Sandino, Gilbert Rivera and The City of New York falsely imprisoned plaintiff David Henry by seizing, detaining. arresting and imprisoning him at the premises at 40-46 82nd Street, in the Borough of Queens, City and State of New York, known as Girotel.

68. As a result of the foregoing, plaintiff David Henry was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Declare the defendants' conduct complained of herein to be in violation of the plaintiff's rights as secured by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. §1983;

B. Award the plaintiff compensatory damages to be determined by the jury at the time of trial;

C. Award the plaintiff punitive damages to be determined by the jury at the time of trial;

D. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

E. Grant such further relief as the Court deems necessary and proper.

**JURY TRIAL DEMANDED**

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
      September 15, 2009

EUGENE M. BELLIN

_____S/_____
Eugene M. Bellin (EB-0722)
Attorney for Plaintiffs
233 Broadway - Suite 2201
New York, New York 10279
(212) 267-9100